ALLEN B. WILLIAMS v. DENNIS WAYNE HARTIS
AND ELLA A. HARTIS

No. 7326SC230

(Filed 25 April 1973)

1. **Rules of Civil Procedure § 4— service of process — strict construction of statutes**

    Statutory provisions prescribing the manner of service of process must be strictly construed, and the prescribed procedure must be strictly followed; and, unless the specified requirements are complied with, there is no valid service.

2. **Rules of Civil Procedure § 4— service of process — delivery to mother away from residence — invalidity of service**

    Service of process on the male defendant was invalid where summons and complaint were handed to his mother, feme defendant, with whom he resided in Union County after she voluntarily accompanied a deputy sheriff from her residence to Mecklenburg County where she was served with process herself. G.S. 1A-1, Rule 4(j)(1)a.

3. **Rules of Civil Procedure § 7— failure to state rule number — effect on defense of invalid service of process**

    Although worded as a motion the defense of insufficiency of service of process was asserted in defendant's responsive pleading; therefore, the rule requiring that a movant state the rule number under which he is proceeding was inapplicable, and failure of defendant to so state did not constitute waiver of his defense of invalid service of process.

4. **Appearance § 2— enlargement of time to answer — taking of deposition — no general appearance**

    By obtaining an enlargement of time within which to file answer or other pleading and taking plaintiff's deposition, the male defendant did not make a general appearance as evisioned by G.S. 1-75.7(1) and thus waive his defense of insufficiency of service of process.

APPEAL by plaintiff from *Grist, Judge,* at the 16 October 1972 Schedule "A" Session of MECKLENBURG Superior Court.

This action to recover damages for personal injuries received by plaintiff in an automobile collision was instituted by issuance of summons and filing of complaint in Mecklenburg County on 28 April 1971. A separate summons was issued for each defendant.

The return on the summons for the feme defendant indicates that Hartsell, a Deputy Sheriff of Mecklenburg County, served the summons and complaint on her on 4 May 1971 "by delivering a copy to her personally at the following place: Mecklenburg-Union County Line in Mecklenburg County, on Johnson Lane." The return on the summons for the male defendant states that the summons and complaint were served by said deputy sheriff "On Dennis Wayne Hartis on the 4th day of May, 1971, at the following place: Mecklenburg-Union County Line in Mecklenburg County on Johnson Lane * * * X leaving copies with his mother—Ella A. Hartis."

On 4 June 1971 a stipulation signed by plaintiff's attorney was filed, the stipulation providing as follows: "The plaintiff, through counsel, hereby stipulates that the defendants' time for moving, answering or otherwise pleading pursuant to Chapter 1A of the General Statutes of North Carolina is hereby enlarged for a period of thirty days, or through the 3rd day of July, 1971."

On 30 June 1971 defendants filed answer in which they pleaded as a "first defense and as a motion to quash return of service" of summons "on the ground that the defendants have not been properly served with process in this action." As a "Second Defense" defendants answered the various allegations of the complaint.

In the record on appeal the parties stipulated: "That on August 11, 1972, the deposition of the plaintiff, Allen B. Williams, was taken by defendants' attorney, at the request of defendants' attorneys and with the consent of plaintiff's attorneys, before R. F. Nixon, Court Reporter/Notary Public."

On 6 September 1972, the male defendant filed motion for "a summary judgment pursuant to G.S. 1A-1, Rule 56 on his First Defense alleged in his Answer because there is no genuine issue of material fact on the question of whether or not the defendant Dennis Hartis was properly served with summons and Complaint in this action."

In support of his motion for summary judgment, the male defendant filed affidavits made by him and the feme defendant, his mother. In his affidavit, he asserted that no copy of a summons and complaint in this action was ever handed to him by a deputy sheriff anywhere; that at the time of the institution of this action and on 4 May 1971, he lived with his mother at 1001 Vickie Lane, Matthews, Union County, N. C.; that the only copy of summons and complaint in this action that he ever received was handed to him by his mother.

The feme defendant's affidavit is summarized as follows: At the time this action was instituted and on 4 May 1971 she resided at 1001 Vickie Lane in Matthews, Union County, N. C. On said date a deputy sheriff of Mecklenburg County came to her home and asked her to go with him into Mecklenburg County in order that he might serve her with suit papers. She thereupon got into the automobile with the deputy and rode with him into Mecklenburg County where he left with her a copy of the summons and complaint for herself and a copy for her son, Dennis Wayne Hartis. At the time said deputy gave her the copies of summons and complaint, she was in said automobile and was not at her residence in Union County. At the time of the institution of this action and on 4 May 1971, the male defendant resided with her in her home in Union County.

On 24 October 1972 the court entered an order allowing the male defendant's motion for summary judgment and dismissing the action as to him. Plaintiff appealed.

*Hedrick, McKnight, Parham, Helms, Warley & Kellam by Thomas A. McNeely for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., and F. Fincher Jarrell, for defendant appellee.*

BRITT, Judge.

[1, 2] The first question presented by this appeal relates to the validity of the service of process on the male defendant.

We think service of process on the male defendant in this action is controlled by G.S. 1A-1, Rule 4(j)(1)a, which provides in pertinent part as follows:

" '(j) *Process — manner of service to exercise personal jurisdiction.* — In any action commenced in a court of this

State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

> (1) Natural Person. — Except as provided in subsection (2) below, upon a natural person:
>
>> a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the *defendant's dwelling house or usual place of abode* with some person of suitable age and discretion then residing therein;' (Emphasis added)"

Statutory provisions prescribing the manner of service of process must be strictly construed, and the prescribed procedure must be strictly followed; and, unless the specified requirements are complied with, there is no valid service. 62 Am. Jur. 2d, Process, § 42, p. 823. Although our research fails to disclose that the Supreme Court of North Carolina has ruled on the specific question presented here, the court has held that when husband and wife were named defendants, delivery of a copy of the summons and complaint to the husband with instructions to deliver the copy to defendant wife was not valid service. *Harrington v. Rice*, 245 N.C. 640, 97 S.E. 2d 239 (1957). We recognize that *Harrington* predates the current Rules of Civil Procedure but it tends to show that the court favors strict construction of statutes providing for service of process.

We hold that the service of process on the **male defendant** in the case at bar was invalid.

[3] The next question presented is: Did the male defendant waive his defense of invalid service of process?

On this question plaintiff contends first that the defense was waived because the male defendant did not, in his answer or in his motion for summary judgment, state the rule number under which he was proceeding or any of the provisions of G.S. 1A-1, Rule 12(b).

G.S. 1A-1, Rule 12(b), provides in pertinent part that "(e)very defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the

Williams v. Hartis

option of the pleader be made by motion: * * * (5) Insufficiency of service of process * * * . "

The General Rules of Practice for the Superior and District courts supplemental to the Rules of Civil Procedure adopted pursuant to G.S. 7A-34 are found in 276 N.C. 735, et seq. Rule 6 of said General Rules provides as follows: "All motions, written or oral, shall state the rule number or numbers under which the movant is proceeding. (See Rule 7 of Rules of Civil Procedure.)" With reference to General Rule 6, see the following cases: *Clouse v. Motors, Inc.*, 14 N.C. App. 117, 187 S.E. 2d 398 (1972); *Lehrer v. Manufacturing Co.*, 13 N.C. App. 412, 185 S.E. 2d 727 (1972); *Mull v. Mull*, 13 N.C. App. 154, 185 S.E. 2d 14 (1971); and *Long v. Coble*, 11 N.C. App. 624, 182 S.E. 2d 234 (1971).

In the instant case, although worded as a motion the defense of insufficiency of service of process was asserted in the responsive pleading; therefore, we hold that Rule 6 of the General Rules of Practice which applies to *motions* is not applicable.

[4] Plaintiff further contends that the male defendant waived his defense of insufficiency of service of process by making a general appearance as envisioned by G.S. 1-75.7(1). Specifically, plaintiff argues that by (1) obtaining an enlargement of time within which to file answer or other pleading and (2) proceeding under G.S. 1A-1, Rule 26, to take plaintiff's deposition, defendant made a general appearance in this action. We think this contention was answered adversely to plaintiff in *Spartan Leasing, Inc. v. Brown*, 14 N.C. App. 383, 188 S.E. 2d 574 (1972), and deem it unnecessary to repeat the reasoning set forth in that opinion.

We hold that by obtaining an enlargement of time within which to file answer or other pleading and taking plaintiff's deposition, the male defendant did not waive his defense of insufficiency of service of process.

The order appealed from is

Affirmed.

Judges MORRIS and VAUGHN concur.