TONY EUGENE GUTHRIE v. ROBERT M. RAY

No. 7628DC303

(Filed 6 October 1976)

1. **Process § 4— officer's return — presumption of valid service**
    When an officer's return on the summons shows legal service, a rebuttable presumption of valid service is created.

2. **Process § 7— service on person at defendant's dwelling — insufficiency of return**
    An officer's return on the summons indicating that the officer left a copy of the summons and complaint with defendant's mother "who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode" failed to disclose that service was had on the defendant by leaving a copy of the summons and complaint *at* defendant's dwelling house or usual place of abode as required by G.S. 1A-1, Rule 4(j) (1) (a).

APPEAL by defendant from *Styles, Judge.* Judgment entered 19 February 1976 in District Court, BUNCOMBE County. Heard in the Court of Appeals 26 August 1976.

This is a civil action wherein plaintiff, Tony Eugene Guthrie, seeks to recover from defendant, Robert M. Ray, for personal injuries and property damage allegedly resulting from the negligent operation of a motor vehicle owned by defendant. The action was commenced 10 May 1972 and service was allegedly made on the defendant on 16 May 1972. Defendant made no appearance and filed no responsive pleading, and his default was entered on 1 March 1973. On 26 September 1973, after a hearing on issue of damages, a judgment of default awarding plaintiff twenty-nine hundred ($2900) dollars was entered.

On 27 March 1975 defendant moved that the court set aside the default judgment for insufficient service of process. In sup-

port of the motion defendant submitted his own affidavit wherein he stated: that he had been a resident of Tennessee since July 1962 and had been continuously employed and registered to vote in Tennessee since that time; and that he was not visiting at Route 3, Box 187, Weaverville, North Carolina, on 16 May 1972.

After the hearing on the motion the trial court made the following pertinent finding of fact: "THAT a Buncombe County Deputy Sheriff has made a return on the original Summons which states that the defendant was served by delivering copies of Summons and Complaint to the defendant's mother, Mrs. C. Ray, in the defendant's dwelling house or usual place of abode, with said service having been made on May 16, 1972." It thereafter made the following pertinent conclusion of law: "THAT the process in this case was duly served on the defendant on the 16th day of May, 1972."

From an order denying defendant's motion, he appealed.

*Swain, Leake & Stevenson, by A. E. Leake for plaintiff appellee.*

*Morris, Golding, Blue and Phillips, by Steve Kropelnicki and James F. Blue III, for defendant appellant.*

HEDRICK, Judge.

Service of process in this case was attempted pursuant to G.S. 1A-1, Rule 4(j)(1)(a), which provides in pertinent part as follows:

"(j) *Process — manner of service to exercise personal jurisdiction.* — In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

(1) Natural Person. — Except as provided in subsection (2) below, upon a natural person:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof *at the defendant's dwelling house or usual place of abode* with some person of suitable age and discretion then residing therein;" (emphasis added).

The officer's return on the summons in this case states that the defendant was served as follows:

"[O]n 16th May 1972, at the following place: Route 3, Box 187, [Weaverville, N. C.] By: leaving copies with Mrs. C. Ray (mother) who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

[1]   When the officers return on the summons shows legal service, a presumption of valid service of process is created. *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239 (1957), 6 Strong, N. C. Index 2d, Process, § 4, p. 455. However, such a presumption may be rebutted. *Harrington v. Rice, supra.*

In *Williams v. Hartis,* 18 N.C. App. 89, 195 S.E. 2d 806 (1973), where service of process was attempted pursuant to Rule 4(j)(1)(a), Judge Britt, speaking for this Court, said:

"Statutory provisions prescribing the manner of service of process must be strictly construed, and the prescribed procedure must be strictly followed; and, unless the specified requirements are complied with, there is no valid service." (Citation omitted.) *Id.* at 92, 195 S.E. 2d at 808.

[2]   Although the trial court found as a fact that the return on the summons states that a Deputy Sheriff of Buncombe County served the defendant by leaving a copy of the summons and complaint with defendant's mother "in the defendant's dwelling house or usual place of abode," there is no evidence in this record to support such a finding. The officer's return on the summons merely indicates that the officer left a copy of the summons and complaint with defendant's mother, "who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode." The return clearly fails to disclose that service was had on the defendant by leaving a copy of the summons and complaint *at* defendant's dwelling house or usual place of abode as required by G.S. 1A-1, Rule 4(j)(1)(a). Indeed all of the evidence in the record tends to show that the defendant was a resident of Tennessee when service of process was attempted in North Carolina.

Since there is no evidence in the record to support the court's critical finding that service of process was had as prescribed by statute, its conclusion that, "[P]rocess in this case

was duly served on the defendant on the 16th day of May, 1972," is erroneous.

For the reasons stated the order denying the defendant's motion to set aside the default judgment is reversed, and the cause is remanded to the District Court for the entry of an order setting aside the default judgment and dismissing the action.

Reversed and remanded.

Judges BRITT and MARTIN concur.