ANITA BUCHANAN v. ROBERT BUCHANAN, D/B/A BUCHANAN IMPORT & DOMESTIC AUTO SALES, AND THE TRAVELERS INDEMNITY COMPANY

No. 8624SC355

(Filed 25 November 1986)

**Torts § 7.2— automobile accident—release—derivative liability**

Summary judgment was properly granted for defendant insurance company in an action arising from an automobile accident where plaintiff had signed a release but had intended to release only the driver of the other car, the owner of the other car, the policyholder, and their insurance company; the release document discharged "all persons, firms or corporations liable or who might be liable"; and plaintiff brought an action against her husband under the uninsured motorist provision of his policy. Defendant insurance company's liability was derivative and there was no basis of liability once the owner, the driver, and the policyholder of the other car had been released.

APPEAL by plaintiff from *Gray, Judge.* Judgment entered 24 January 1986 in Superior Court, MITCHELL County. Heard in the Court of Appeals 17 September 1986.

On 15 May 1983, while riding in an automobile driven by her husband, plaintiff Anita Buchanan was injured when another automobile struck the Buchanan car. Both David Wayne Givens, the driver, and Jimmy Joe O'Connor, the owner of the car, were covered by a State Farm insurance policy purchased by Thomas O'Connor. The Buchanans were insured by the Travelers Indemnity Company.

Plaintiff and her husband accepted $25,000.00 from State Farm in full and final settlement of their claim. A release was signed by plaintiff and her husband on 28 March 1984 discharging and releasing all "persons, firms or corporations liable or who might be claimed to be liable . . . ." Plaintiff filed suit on 14 August 1985 against her husband and the Travelers Indemnity Company to recover damages under the uninsured motorist protection provision of her husband's policy.

On 20 November 1985, the defendant insurance company moved for summary judgment based on the signed release, contending that such a release constituted a material breach of the insurance contract and thus a complete defense to plaintiff's action. Affidavits were submitted by both sides. In her affidavit, plaintiff admitted that she released David Givens and Thomas and

Jimmy Joe O'Connor, but she claimed that she mistakenly believed that the signed release form would not discharge any other party. The court granted defendant's motion for summary judgment on 24 January 1986. From this judgment, plaintiff appeals.

*Hal G. Harrison for plaintiff appellant.*

*Roberts, Cogburn, McClure & Williams, by Steven D. Cogburn and Glenn S. Gentry, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting summary judgment for the defendant. Specifically, plaintiff argues that the affidavits offered by plaintiff and the State Farm insurance adjuster who was involved in the signing of the release form indicate that the release was executed without any intention to excuse any other persons or firms. Plaintiff, citing *Cunningham v. Brown*, 51 N.C. App. 264, 276 S.E. 2d 718 (1981), contends that the failure to accomplish this result constituted a mutual mistake of fact which required denial of defendant's motion for summary judgment. We disagree.

The *Cunningham* case is not dispositive on the issue involved in the case *sub judice*. In *Cunningham*, the plaintiff was a passenger on a motorcycle driven by her husband when they were struck by a tractor-trailer. For consideration, the plaintiff signed a release concerning any claim which she might have had against her husband and his insurance company. As a result of this signing she also released from liability "any other person, firm or corporation charged or chargeable with responsibility or liability," which included the driver of the other vehicle. *Id.* at 269, 276 S.E. 2d at 723.

In *Cunningham*, the plaintiff claimed that before she signed the release the insurance adjuster assured her that no other claims would be affected. In that case, the court held that the plaintiff could avoid the effect of the signed release by showing that it was procured by fraud or through mutual mistake of fact. *Id.*

In the case *sub judice*, such avoidance is not possible because the defendant insurance company's liability is derivative in nature. *See Durham v. Creech*, 32 N.C. App. 55, 231 S.E. 2d 163

(1977). The policy states that the Travelers Indemnity Company is liable to plaintiff only if the insured is "legally entitled to recover" from the owner or driver of the uninsured motor vehicle. Having settled and signed a release, neither plaintiff nor her husband can recover further damages from the parties covered by State Farm. Both plaintiff and her husband fully intended to release David Givens and Thomas and Jimmy Joe O'Connor, and they are now no longer "legally entitled to recover" from such parties. When the release was signed, the Travelers Indemnity Company was also released as a matter of law because of the derivative nature of the insurance company's liability. Once the plaintiff released all claims against Givens and the O'Connors, there is no basis of liability on which the defendant insurance company can be held responsible under the terms of the policy. We, therefore, hold that the defendant was entitled to summary judgment as a matter of law. The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.