TRACY McLAUGHLIN AND HUSBAND, KEITH McLAUGHLIN, PLAINTIFFS v. CRAIG ALEXANDER MARTIN, THOMAS JOSEPH SHEA, CITY OF FAY-ETTEVILLE, NORTH CAROLINA INTERLOCAL RISK FINANCING FUND, AND UNIGARD INSURANCE COMPANY, DEFENDANTS

No. 8812SC288

(Filed 20 December 1988)

**Declaratory Judgment Act § 4.3— action to determine uninsured motorist coverage—appeal dismissed**

 A declaratory judgment action was dismissed where plaintiffs alleged that the individual defendants were uninsured motorists and sought a judgment declaring the status and limits of the coverages available to them from other defendants, but liability did not attach under the uninsured motorist coverage of both insurers until a valid judgment was obtained. Plaintiffs have not obtained any such judgment, there is no assurance that they ever will, and there is no present controversy between adverse parties. N.C.G.S. § 1-253.

APPEAL by defendant Interlocal Risk Financing Fund from *Herring, Judge.* Judgment entered 3 February 1988 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 September 1988.

*Harris, Sweeny & Mitchell, by Charles E. Sweeny, Jr., Ronnie M. Mitchell, and W. Trent Fox, Jr., for plaintiff appellees.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant appellant Interlocal Risk Financing Fund of North Carolina.*

*Russ, Worth, Cheatwood, Guthrie & Trehy, by Walker Y. Worth, Jr., for defendant appellee City of Fayetteville.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Theodore B. Smyth, for defendant appellee Unigard Insurance Company.*

PHILLIPS, Judge.

Though the record does not show it, plaintiffs purportedly have another action pending in which they seek to obtain judgment against the individual defendants for negligently injuring Tracy McLaughlin in a collision between their car and a vehicle owned by defendant City that she was operating. In this declaratory judgment action, plaintiffs allege that the individual de-

fendants were uninsured motorists and they seek a judgment declaring the status and limits of the uninsured motorist coverages that are available to them from the other defendants. The case was tried to the presiding judge, who found and concluded that: The individual defendants were uninsured motorists at the time involved; defendant Interlocal Risk Financing Fund then had a contract with defendant City under which it provided uninsured motorists coverage on defendant City's vehicles with limits of $1,000,000 per occurrence with a "retention" of $100,000 for each occurrence; this coverage is primary and Interlocal Risk Financing Fund is obligated to pay all sums plaintiffs are legally entitled to recover of the uninsured motorists up to $1,000,000; the City is not obligated to reimburse the Fund for any payment it makes to plaintiffs; secondary uninsured motorist coverage with limits of $100,000 per person will be available to plaintiffs under Unigard's policy on their personal car when the Fund's $1,000,000 limits have been exhausted.

The appeal of Interlocal Risk Financing Fund questions only the portion of the judgment concerning its responsibility for the first $100,000 of any judgment plaintiffs get in the action against the uninsured motorists. This question will not be addressed, however, because we have no jurisdiction over the case and the appeal is dismissed.

Under G.S. 1-253 a jurisdictional requisite for a declaratory judgment action is an actual present controversy between adverse parties, *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974), and the record in this case does not show that any such controversy exists. Under the uninsured motorist coverages of both insurers liability does not attach until a valid judgment is obtained against an uninsured motorist. Plaintiffs have not obtained any such judgment and there is no assurance that they ever will. Since plaintiffs are not now entitled to any uninsured motorist insurance limits from either insurer and neither is now obligated to plaintiffs under their coverages, the question that the case undertakes to raise is hypothetical, and we do not resolve hypothetical questions. In *Newton v. The Ohio Casualty Insurance Co.*, 91 N.C. App. 421, 371 S.E. 2d 782 (1988), the facts were similar and we made the same ruling. Our decision is not affected by the fact that the parties stipulated that the trial court had jurisdiction of the subject

matter and the parties; for subject matter jurisdiction is not granted by parties to a case, but by the General Assembly. *City of Raleigh v. Norfolk Southern Railway Co.*, 275 N.C. 454, 168 S.E. 2d 389 (1969).

Appeal dismissed.

Judges EAGLES and PARKER concur.