JACQUELINE SPIVEY, PLAINTIFF-APPELLANT v. WOODROW LOWERY, DEFENDANT-APPELLEE

No. 9326SC891

(Filed 16 August 1994)

**Insurance § 531 (NCI4th); Torts § 12 (NCI4th)— UIM carrier's consent to release—nature of release not altered—derivative liability of UIM carrier not circumvented**

Plaintiff who signed a general release could not thereafter assert any claims arising out of the accident; furthermore, because plaintiff released the tortfeasor, she could not assert a claim against the UIM carrier because of the derivative nature of the UIM carrier's liability, and the UIM carrier's consent to settlement did not alter the legal effect of the general release or circumvent the derivative liability of a UIM carrier.

**Am Jur 2d, Automobile Insurance § 322; Release §§ 28 et seq.**

Appeal by plaintiff from order entered 9 August 1993 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 April 1994.

*Jeffrey L. Bishop for plaintiff-appellant.*

*Morris York Williams Surles & Brearley, by John F. Morris, for defendant-appellee.*

SPIVEY v. LOWERY

[116 N.C. App. 124 (1994)]

LEWIS, Judge.

On 17 October 1989, plaintiff suffered injuries in an automobile accident with defendant Woodrow Lowery. Plaintiff was a passenger in a car driven by her sister and insured by The Hartford Accident and Indemnity Company (hereinafter "Hartford"), an un-named defendant in this action. Lowery was insured by Integon Indemnity Company (hereinafter "Integon"). On 23 August 1990 Hartford gave plaintiff permission to accept settlement from Integon on behalf of Lowery in the amount of $25,000, and stated that it waived its subrogation rights. On 24 August 1990 plaintiff accepted the settlement from Integon. In consideration for the payment, plaintiff signed a general release, which provided that she was "releas[ing], acquit[ting], and forever discharg[ing]" Lowery, Integon, and

> all other persons, firms, corporations, associations or partnerships of and from any and all claims of action, demands, rights, [and] damages . . . whatsoever, which the undersigned now has . . . or which may hereafter accrue . . . [as a result of] the accident . . . which occurred on or about the 17th day of October, 1989, at or near Laurinburg, N. C.

On 11 March 1991 plaintiff filed this action for damages and underinsured motorist (hereinafter "UIM") coverage against Lowery and Hartford pursuant to N.C.G.S. § 20-279.21(b)(4) (1993). Hartford, in an amended answer, pled the general release as a bar to plaintiff's claim. The trial court, with the consent of the parties, treated Hartford's amended answer as a motion for summary judgment, and entered summary judgment in favor of Hartford on 9 August 1993.

On appeal, plaintiff emphasizes that Hartford had notice of, and expressly consented to, the proposed settlement with Lowery and Integon. While conceding that Hartford's liability is derivative of the tortfeasor's, plaintiff contends her release of the tortfeasor does not release Hartford. Hartford's consent, she says, at least raises a genuine issue of material fact as to whether the release was intended to release the underinsured motorist carrier.

Hartford, on the other hand, contends that the general release discharged all claims, and points out that since its liability was derived from Lowery, the release of Lowery also released Hartford. Defendant notes that plaintiff has raised no issue as to the release itself, and argues that plaintiff is therefore bound by its clear and express language.

At the outset we note that by signing a general release, plaintiff discharged all claims between the parties. *See McGladrey v. Syntek Finance Corp.*, 92 N.C. App. 708, 710-11, 375 S.E.2d 689, 691, *disc. review denied*, 324 N.C. 433, 379 S.E.2d 243 (1989). Plaintiff raises no questions regarding the validity of the release itself. *Cf. McBride v. Johnson Oil & Tractor Co.*, 52 N.C. App. 513, 279 S.E.2d 117 (1981) (reversing summary judgment because allegations of mutual mistake regarding release); *Cunningham v. Brown*, 51 N.C. App. 264, 276 S.E.2d 718 (1981) (reversing summary judgment due to allegations of fraud and mutual mistake regarding release).

As a general rule, a UIM carrier's liability is derivative of the tortfeasor's liability. *See Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. review denied*, 319 N.C. 224, 353 S.E.2d 406 (1987). Although the policy in question is not contained in the record on appeal, and we therefore cannot determine whether it includes the standard provision that a plaintiff is not entitled to UIM coverage unless the plaintiff is "legally entitled to recover" from the tortfeasor, we note that plaintiff concedes that Hartford's liability is derivative. Furthermore, N.C.G.S. § 20-279.21(b)(3) (1993) mandates that liability insurance be available for the protection of people who are "legally entitled to recover damages from owners or operators of uninsured motor vehicles."

Thus, because plaintiff signed a general release, plaintiff may not assert any claims arising out of the accident. Furthermore, notwithstanding the fact that plaintiff signed a general release, since plaintiff released the tortfeasor, Lowery, plaintiff may not assert a claim against Hartford because of the derivative nature of Hartford's liability.

In support of her argument that Hartford's consent to the settlement and release raises a genuine issue of material fact, plaintiff cites several cases. She cites *Silvers v. Horace Mann Insurance Co.*, 324 N.C. 289, 378 S.E.2d 21 (1989), and *Gurganious v. Integon General Insurance Corp.*, 108 N.C. App. 163, 423 S.E.2d 317 (1992), *disc. review denied*, 333 N.C. 538, 429 S.E.2d 558 (1993), for the proposition that a release of the tortfeasor does not bar a claim against the UIM carrier, even though the carrier's liability is derivative of the tortfeasor's. She further argues that Hartford's 23 August 1990 letter, which authorized the settlement, raises genuine issues of material fact regarding the intention of the release.

SPIVEY v. LOWERY

[116 N.C. App. 124 (1994)]

We find that *Silvers* and *Gurganious* are distinguishable from the case at hand. Neither involved a general release. There is no language in either case which indicates that an insurer's consent to settlement would render that insurer subject to suit even if the plaintiff had signed a general release. *Silvers* and *Gurganious* both involved conflicting provisions in the relevant statute and their policies. Section 20-279.21(b)(4) requires a UIM plaintiff to exhaust all remedies by seeking payment of judgments or settlements from the tortfeasor and liability insurer before seeking payment from the UIM insurer. However, the policies involved in those cases provided that release of or settlement with a tortfeasor operates to release the UIM insurer because of the derivative nature of its liability. The Courts construed the conflicting provisions in favor of the plaintiffs, permitting them to seek UIM coverage. Plaintiff in the case at hand has presented no argument regarding the provisions of her policy or the North Carolina General Statutes. Her appeal is based solely on the fact that Hartford consented to the settlement.

Plaintiff also asserts that the similar case of *Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. review denied*, 319 N.C. 224, 353 S.E.2d 406 (1987), provides support for her argument. In that case, the plaintiff accepted a settlement from the tortfeasor's insurance carrier, and signed a general release. The court granted summary judgment for the UIM carrier in a subsequent action, holding that a release of the tortfeasor released the UIM carrier on the basis of derivative liability. Contrary to plaintiff's assertions, the Court did not decide the case on the basis of the plaintiff's failure to obtain the UIM carrier's consent to settlement. In affirming summary judgment, the Court only mentioned the derivative nature of the UIM carrier's liability.

Finally, we are not persuaded by plaintiff's argument that Hartford's letter permitting settlement with the tortfeasor somehow raises a genuine issue of material fact regarding the intention of the release. The letter was sent before plaintiff signed the release. Although the letter authorized settlement, it did not mention a release and did not indicate that it authorized plaintiff to enter into a general release. Furthermore, according to *Buchanan*, whether or not plaintiff intended to release the UIM carrier is irrelevant. As long as plaintiff intended to release the tortfeasor, the UIM carrier is released as well. *Buchanan*, 83 N.C. App. at 430, 350 S.E.2d at 177.

We conclude that plaintiff has presented no authority supporting her position that the UIM carrier's consent to settlement alters the legal effect of a general release or circumvents the derivative liability of a UIM carrier. We therefore affirm summary judgment in favor of defendant.

Affirmed.

Judges EAGLES and WYNN concur.