MARLENE R. GRIMSLEY AND DENNY A. GRIMSLEY v. LEROY JEROME NELSON

No. 35A95

(Filed 9 February 1996)

**1. Appearance § 10 (NCI4th)— answer filed by UM carrier— no general appearance by defendant motorist**

The attorney for plaintiffs' uninsured motorist (UM) carrier, an unnamed party, did not make a general appearance for defendant uninsured motorist when she filed an answer "in the name of the Defendant" and thereby preclude defendant from raising the defense of lack of personal jurisdiction based on insufficiency of service of process where the record shows that defendant and the UM carrier are separate and distinct parties represented by separate counsel, and there is no evidence in the record indicating that counsel for the UM carrier represented the defendant, professed to represent the defendant, or had the authority to appear on defendant's behalf.

**Am Jur 2d, Appearance §§ 1, 2.**

**Stipulation extending time to answer or otherwise proceed as waiver of objection to jurisdiction for lack of personal service: state cases. 77 ALR3d 841.**

**2. Insurance § 512 (NCI4th)— lack of personal jurisdiction against uninsured tortfeasor—dismissal of case against UM carrier**

Where the trial court properly dismissed plaintiffs' negligence action against defendant tortfeasor, an uninsured motorist, for lack of personal jurisdiction, the court also correctly dismissed the case against plaintiffs' uninsured motorist (UM) carrier, an unnamed party, even though the UM carrier failed to assert the defense of lack of personal jurisdiction in its answer, since the UM carrier's only obligation in the case would be to pay any judgment entered against defendant tortfeasor, N.C.G.S. § 20-279.21(b)(3)a, and the UM carrier has no liability to plaintiffs because the tortfeasor has no liability to them.

**Am Jur 2d, Automobile Insurance §§ 322, 330.**

Justice FRYE dissenting.

Justice WEBB dissenting.

**GRIMSLEY v. NELSON**

[342 N.C. 542 (1996)]

Appeal by Travelers Indemnity Company, an unnamed party, pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 117 N.C. App. 329, 451 S.E.2d 336 (1994), affirming in part and reversing in part orders entered 21 September 1993 and 1 November 1993 by Phillips, J., in Superior Court, Craven County. On 6 April 1995, this Court allowed plaintiffs' petition for writ of certiorari of an additional issue. Heard in the Supreme Court 13 September 1995.

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Kenyann G. Brown; and Anderson & Anderson, by Albeon G. Anderson, for plaintiff-appellants and -appellees.*

*Dunn, Dunn & Stoller, by David A. Stoller and Andrew D. Jones, for defendant-appellee.*

*Johnson & Lambeth, by Beth M. Bryant, for appellant and appellee Travelers Indemnity Company, an unnamed party.*

ORR, Justice.

This case arises out of a 4 June 1989 automobile accident involving plaintiffs, Marlene R. Grimsley and Denny A. Grimsley. Plaintiffs were allegedly hit from behind by a vehicle driven by defendant Leroy Jerome Nelson, an uninsured motorist. As a result, on 18 May 1992, plaintiffs filed this action for personal injuries and loss of consortium resulting from the automobile accident. The summons and complaint were improperly served on the defendant's son, Leroy Jerome Nelson, Jr. Pursuant to N.C.G.S. § 20-279.21(b)(3)a, plaintiffs served their uninsured motorist (UM) carrier, Travelers Indemnity Company (Travelers), with a copy of the summons and complaint.

Section 20-279.21(b)(3)a of the Motor Vehicle Safety and Financial Responsibility Act provides as follows:

[A plaintiff's uninsured motorist] insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail, return receipt requested, or in any manner provided by law . . . . *The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist* though not named in the

caption of the pleadings and *may defend the suit in the name of the uninsured motorist or in its own name.*

N.C.G.S. § 20-279.21(b)(3)a (1993) (emphasis added).

Travelers retained the law firm of Johnson & Lambeth to represent it. After various exchanges of correspondence between counsel for Travelers and counsel for plaintiffs, Beth Bryant of Johnson & Lambeth filed an answer in the action in which she stated, "the undersigned Counsel, appearing in the name of the Defendant, answers the Complaint . . . ." Ms. Bryant signed the answer, "Beth M. Bryant Appearing in the name of the Defendant." The answer denied the allegations of the complaint and alleged contributory negligence. The plaintiffs then filed a reply denying contributory negligence and pleading last clear chance.

David A. Stoller of the law firm of Dunn, Dunn & Stoller then filed a motion to dismiss on behalf of defendant Nelson on the grounds of insufficiency of process and insufficiency of service of process. On 21 September 1993, the trial court granted defendant Nelson's motion to dismiss for lack of personal jurisdiction on the ground that he had never been served with process. Travelers made a motion for judgment on the pleadings. On 1 November 1993, the trial court granted Travelers' motion, dismissing plaintiffs' action against it on the ground that all issues raised by the complaint in the case against defendant Nelson had been resolved. Since Nelson had no liability to the plaintiffs, Travelers, as the uninsured carrier, had no liability.

Plaintiffs timely appealed the 21 September 1993 and 1 November 1993 orders to the Court of Appeals, which affirmed the trial court's dismissal of plaintiffs' action against defendant Nelson for lack of personal jurisdiction. The Court of Appeals held that Ms. Bryant had not made a general appearance for the defendant when she filed an answer "in the name of the Defendant." The Court of Appeals, however, reversed the trial court's dismissal of the action against Travelers, stating that Travelers waived the jurisdictional defense by filing a general answer to the complaint without raising the defense. The Court of Appeals said that by waiving this defense, Travelers could not now assert as a defense the fact that plaintiffs could not get a judgment against defendant Nelson.

In the dissent, Judge Wynn agreed with the majority that the action against the defendant should be dismissed, but asserted that

GRIMSLEY v. NELSON

[342 N.C. 542 (1996)]

plaintiffs could not proceed against Travelers after the action against defendant Nelson was dismissed.

Pursuant to N.C.G.S. § 7A-30(2), Travelers appealed as of right from the decision of the Court of Appeals. Plaintiffs filed a petition for writ of certiorari seeking this Court's review of that portion of the Court of Appeals' opinion affirming the trial court's dismissal of the case as to defendant Nelson, which this Court allowed by order entered 6 April 1995.

## I.

[1] We first address plaintiffs' contention that the trial court, as affirmed by the Court of Appeals, erred in granting defendant Nelson's motion to dismiss for lack of personal jurisdiction. The basis of plaintiffs' contention is that while defendant Nelson was not actually served with summons and complaint, Travelers' 12 October 1992 answer constituted a general appearance by defendant Nelson, thereby precluding defendant Nelson from raising the defense of lack of personal jurisdiction. We disagree.

Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent. *Hale v. Hale*, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985). Rule 4 of the North Carolina Rules of Civil Procedure provides the methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant, and the rule is to be strictly enforced to insure that a defendant will receive actual notice of a claim against him. *Guthrie v. Ray*, 31 N.C. App. 142, 144, 228 S.E.2d 471, 473 (1976), *rev'd on other grounds*, 293 N.C. 67, 235 S.E.2d 146 (1977). Although a return of service showing service on its face constitutes *prima facie* evidence of service, such showing can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant. *Guthrie*, 293 N.C. at 71, 235 S.E.2d at 149; *Harrington v. Rice*, 245 N.C. 640, 642, 97 S.E.2d 239, 241 (1957).

In this case, no evidence was introduced suggesting that personal service was made upon defendant Nelson by any means authorized by the North Carolina Rules of Civil Procedure. The evidence in the record on appeal, including three affidavits, unequivocally establishes that the deputy sheriff's return of service indicating service on defendant Nelson was erroneous. The affidavits of defendant Nelson, his son, and his former wife, which were before the trial court, show

that Nelson's son was the person who was served with summons and complaint at the Sheriff's Department and that defendant Nelson has never been served with summons and complaint as required by the Rules of Civil Procedure.

Because defendant Nelson has never been served with summons and complaint, the court may exercise jurisdiction over defendant Nelson only if he or his attorney has consented to the jurisdiction of the court by voluntarily appearing in the case. N.C.G.S. § 1-75.7 (1983). Essentially, plaintiffs argue, without citation of authority, that by signing the 12 October 1992 answer, filed on behalf of Travelers "[a]ppearing in the name of the Defendant," Ms. Bryant made a general appearance on behalf of not only Travelers, but also defendant Nelson, thereby subjecting Nelson to personal jurisdiction and waiving jurisdictional defenses.

Where counsel signs a pleading on behalf of a party, the law imposes a presumption that the attorney held the authority to act for the client he or she professed to represent. *People's Bank of Burnsville v. Penland*, 206 N.C. 323, 173 S.E. 345 (1934). N.C.G.S. § 20-279.21(b)(3)a establishes, however, that the insurer, in this case Travelers, is a separate party to the action between the insured plaintiffs and defendant Nelson, an uninsured motorist. It also establishes that Travelers may defend the suit "in the name of the uninsured motorist" or in its own name.

There exists ample evidence in the record to show that Johnson & Lambeth did not represent defendant Nelson. First, counsel for Travelers never professed to represent defendant Nelson. By affidavit, Ms. Bryant states "[t]hat my firm is counsel of record for Travelers Indemnity Co." and that "Johnson & Lambeth was retained by Travelers Indemnity Co. to defend its interests in this action." In June 1992, Robert Johnson of Johnson & Lambeth informed plaintiffs by letter that "Travelers had retained me to represent its interest as uninsured motors [sic] carrier in [this] matter." In October 1992, Ms. Bryant informed defendant Nelson by letter, addressed to the home where defendant Nelson resided at the time of the accident and thereafter, that "it is important for you to protect your interest in this lawsuit, while I try to protect the interest of the insurance company which provides uninsured motorist coverage to [plaintiffs]." Defendant Nelson and Travelers are separate and distinct parties, each represented by separate counsel—Travelers by Johnson & Lambeth and defendant Nelson by Dunn, Dunn & Stoller.

GRIMSLEY v. NELSON

[342 N.C. 542 (1996)]

Thus, the undisputed evidence in the record demonstrates that the law firm of Johnson & Lambeth represented Travelers Indemnity Company in this action and that the scope of such firm's representation was known to plaintiffs' counsel, was confirmed in writing to plaintiffs' counsel, and was communicated in writing to defendant Nelson by Travelers' counsel. There is no evidence in the record indicating that counsel for Travelers represented defendant Nelson, professed to in fact represent defendant Nelson, or had the authority to appear on his behalf. Therefore, because Ms. Bryant had not made a general appearance for the defendant when she filed an answer "in the name of the Defendant," the Court of Appeals was correct in affirming the trial court's dismissal of plaintiffs' action for lack of personal jurisdiction against defendant Nelson. This assignment of error is overruled.

## II.

[2] Travelers contends that the Court of Appeals erred in deciding that "this action may proceed against Travelers to determine whether plaintiffs are entitled to uninsured motorist coverage," *Grimsley*, 117 N.C. App. at 336, 451 S.E.2d at 340, and asserts that the trial court's entry of judgment on the pleadings was correct because the order dismissing defendant Nelson's action resolved all issues raised by the complaint.

In *McLaughlin v. Martin*, the Court of Appeals held that a UM carrier's liability "does not attach until a valid judgment is obtained against an uninsured motorist." *McLaughlin*, 92 N.C. App. 368, 369, 374 S.E.2d 455, 456 (1988). In *Brown v. Lumbermens Mut. Cas. Co.*, this Court stated that a "[p]laintiff's right to recover against his intestate's insurer under the uninsured motorist endorsement is derivative and conditional." *Brown*, 285 N.C. 313, 319, 204 S.E.2d 829, 834 (1974); *see Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 294, 378 S.E.2d 21, 25 (1989) (UM carrier's liability is derivative of the tortfeasor's liability).

In *Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. rev. denied*, 319 N.C. 224, 353 S.E.2d 406 (1987), the plaintiff accepted a settlement from the tort-feasor's insurance carrier and signed a general release. The trial court granted summary judgment for the underinsured motorist (UIM) carrier in a subsequent action holding that a release of the tort-feasor released the UIM carrier on the basis of derivative liability. There, the Court of Appeals stated:

When the release was signed, the Travelers Indemnity Company was also released as a matter of law because of the derivative nature of the insurance company's liability. Once the plaintiff released all claims against Givens and the O'Connors, there is no basis of liability on which the defendant insurance company can be held responsible under the terms of the policy.

*Id.* at 430, 350 S.E.2d at 177; *see also Spivey v. Lowery*, 116 N.C. App. 124, 126, 446 S.E.2d 835, 837 (holding that because plaintiff released the tort-feasor, plaintiff may not assert a claim against the UIM carrier because of the derivative nature of the UIM carrier's liability), *disc. rev. denied*, 338 N.C. 312, 452 S.E.2d 312 (1994).

These cases are consistent with the language of N.C.G.S. § 20-279.21(b)(3)a, which provides that all insurance policies in the State will be deemed to include a provision that "the insurer shall be bound by *a final judgment* taken by the insured against an uninsured motorist," N.C.G.S. § 20-279.21(b)(3)a (emphasis added), providing the insurer is served with a copy of summons and complaint.

The complaint in this case alleged a negligence claim exclusively against defendant Nelson. That cause of action was dismissed pursuant to Nelson's motion to dismiss. Therefore, on the face of the pleadings, nothing remained to be decided, and no liability can be imposed upon the unnamed defendant, Travelers. Travelers' only obligation in this case would be to pay any judgment entered against defendant Nelson. Travelers was properly served with summons and complaint in the action filed by plaintiffs against defendant Nelson pursuant to statute and, therefore, would be bound by any judgment taken by the plaintiffs against defendant Nelson. N.C.G.S. § 20-279.21(b)(3)a. However, having concluded that the trial court correctly dismissed the action against defendant Nelson, we conclude that the trial court correctly dismissed the action against Travelers and that the Court of Appeals erred in reversing the trial court. Accordingly, we affirm the Court of Appeals' decision insofar as it affirmed the trial court's dismissal of plaintiffs' action against defendant Nelson on the basis of lack of personal jurisdiction. We reverse that part of the Court of Appeals' decision that reversed the trial court's order dismissing the action against Travelers. The case is remanded to the Court of Appeals for further remand to the Superior Court, Craven County, for reinstatement of the trial court's order of 1 November 1993 granting Travelers' motion for judgment on the pleadings.

**GRIMSLEY v. NELSON**

[342 N.C. 542 (1996)]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Justice FRYE dissenting in separate opinion.

Justice WEBB dissenting in separate opinion.

Justice FRYE dissenting.

The majority holds the trial court correctly dismissed the case against Travelers Indemnity Company, plaintiffs' uninsured motorist (UM) carrier, because service was improper against defendant Nelson (the tort-feasor). Therefore, the majority concludes that the Court of Appeals erred in deciding that the case could proceed against Travelers to determine whether plaintiffs were entitled to UM coverage. I do not believe that our case law and the statute call for the result reached by the majority. Therefore, I respectfully dissent.

Under the Motor Vehicle Safety and Financial Responsibility Act,

every policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle, which policy is delivered or issued for delivery in this State, shall be subject to the following provisions which need not be contained therein.

a. A provision that the insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist . . . . The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name.

N.C.G.S. § 20-279.21(b)(3)a. When plaintiffs were unable to settle their claims growing out of an accident with an uninsured motorist, suit was instituted against the uninsured motorist and plaintiff's insurance carrier, Travelers Indemnity Company, pursuant to the above statute. Summonses were issued against the uninsured motorist and the insurance carrier. The insurance carrier, appearing in the name of defendant, answered the complaint, denying any negligence on the part of the named defendant and alleging contributory negligence on the part of plaintiff. Subsequently, the named defend-

ant's motion to dismiss as to him was allowed on the grounds of insufficiency of service of process, it appearing that the named defendant's son rather than defendant himself had been served with the summons. The crucial question is whether a case may proceed to judgment against the uninsured motorist carrier since any judgment actually obtained would not be enforceable against the named defendant tort-feasor.

The Court of Appeals reasoned that:

> although plaintiffs cannot obtain a judgment against defendant because he properly asserted the defense of lack of personal jurisdiction, this action may proceed against Travelers to determine whether plaintiffs are entitled to uninsured motorist coverage. Furthermore, Travelers, by failing to properly assert the defense of lack of personal jurisdiction in its answer, may not rely on the defense that plaintiffs cannot "reduce its right to judgment" against defendant because of lack of personal jurisdiction in determining whether plaintiffs are "legally entitled to recover damages" from defendant.

*Grimsley v. Nelson*, 117 N.C. App. 329, 335-36, 451 S.E.2d 336, 340 (1994). I agree with the Court of Appeals and therefore dissent from that portion of the decision of the majority of this Court which reverses the Court of Appeals on this issue.

The majority says that nothing remained in the complaint to pursue a claim against Travelers Indemnity because the tort-feasor was dismissed for insufficiency of service of process. In defense of this position, the majority cites two cases from this Court and three cases from our Court of Appeals. However, those cases, in my opinion, are not controlling in the peculiar posture of this case.

The majority relies on *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E.2d 21 (1989), for the proposition that a UM carrier's liability is derivative of the tort-feasor's liability. I agree. Nevertheless, as stated in the *Silvers'* majority opinion which I joined:

> The issue is whether an insured plaintiff who has entered into a consent judgment with a tort-feasor and the tort-feasor's liability insurance carrier, without notice to or the consent of the insured's underinsured motorist (UIM) coverage carrier, in violation of the terms of the UIM policy, may nevertheless recover UIM benefits under the policy.

*Id.* at 290, 378 S.E.2d at 22 (footnote omitted). The Court answered in the affirmative. After construing "legally entitled to recover" to mean that the carrier's UIM liability is derivative in nature, the Court added that "[t]he analysis does not end here, however." *Id.* at 294, 378 S.E.2d at 25. The Court then analyzed the internally conflicting provisions of the policy and statute, noted the remedial nature of the statute, and concluded that it was not the intent of the legislature that Silvers be prohibited from recovering UIM benefits from her UIM carrier. I believe that the same legislative intent that permitted Silvers to recover from her UIM carrier after entering into a consent judgment with the tort-feasor and his insurance carrier in violation of the policy would also permit plaintiffs in the instant case to recover from their UM carrier after the tort-feasor was dismissed from the suit because of insufficiency of service of process.

The majority also cites *Brown v. Lumbermens Mut. Cas. Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974). However, the instant case is distinguishable from *Brown*. The issue in *Brown* was stated by the Court as follows:

> Is an action against an insurer, brought under the uninsured motorist insurance endorsement to an automobile liability insurance policy to recover damages for a death caused by the wrongful act of an uninsured motorist, subject to the two-year statute of limitations prescribed for the commencement of the tort action for wrongful death, G.S. 1-53(4), or the three-year limitation prescribed for actions on contract, G.S. 1-52(1)?

*Id.* at 315, 204 S.E.2d at 830. The plaintiff had instituted suit against the insurance carrier only and the insurance carrier had asserted the defense of the statute of limitations. This Court simply concluded that the statute of limitations was two years rather than three years and that defendant had specifically pled a defense that defeated the plaintiff's claim. In the instant case, both the tort-feasor and the insurance carrier were parties to the action. The tort-feasor successfully raised the defense of insufficiency of service of process while the insurance carrier did not.

The majority relies heavily on *Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. rev. denied*, 319 N.C. 224, 353 S.E.2d 406 (1987), and *Spivey v. Lowery*, 116 N.C. App. 124, 446 S.E.2d 835, *disc. rev. denied*, 338 N.C. 312, 452 S.E.2d 312 (1994). Again, as with *Brown*, *Buchanan* and *Spivey* are distinguishable. In *Buchanan*, the plaintiff settled with the tort-feasor's insurance car-

rier. In a subsequent suit by the plaintiff against her UIM carrier, the trial court granted summary judgment on the ground that the release of the tort-feasor and his insurance carrier also released the UIM carrier. Similarly, in *Spivey*, the plaintiff settled with the tort-feasor's insurance carrier and then subsequently filed suit against the tort-feasor and her UIM carrier. The trial court dismissed the suit against the carrier because of the general release signed by the plaintiff.

However, the instant case is factually different from *Buchanan* and *Spivey*. The release in *Buchanan* purported to discharge "any other person, firm or corporation charged or *chargeable* with responsibility or liability." *Buchannan*, 83 N.C. App. at 429, 350 S.E.2d at 176 (emphasis added). The plaintiff in *Spivey* signed a very similar release. *Spivey*, 116 N.C. App. at 125, 446 S.E.2d at 836. By signing the releases, the plaintiffs in both cases ended any further liability and the matter was closed. In the case *sub judice*, the issue of liability has never been settled or adjudicated. In this context, there is a significant difference between a suit dismissed because the plaintiff signed a general release that absolved everyone from liability and one where the suit against the tort-feasor was dismissed for insufficiency of service of process without a determination on the merits of the underlying claim.

The majority also cites *McLaughlin v. Martin*, 92 N.C. App. 368, 374 S.E.2d 455 (1988). However, *McLaughlin* is also distinguishable. In *McLaughlin*, the plaintiffs, without filing a suit for damages, sought a declaratory judgment to determine the status and limitations of the uninsured motorist coverage available to them from defendants' UM carriers. The Court of Appeals affirmed the trial court's dismissal on the grounds that there was no actual case or controversy. The issue was one of jurisdiction, and the Court of Appeals said that the parties could not create jurisdiction by stipulation.

In the instant case, plaintiffs had filed an action for damages, not a declaratory judgment action. Unlike in *McLaughlin*, there is not an issue as to whether plaintiffs will ever file suit for damages resulting from the automobile accident. This is what this suit is about. Thus, none of the decisions relied on by the majority are direct authority for the issue before this Court.

The majority also finds support for its decision in N.C.G.S. § 20-279.21(b)(3)a. However, the statute simply provides that an insurance carrier shall be bound by a final judgment against an uninsured motorist as long as the carrier has been served with a summons

GRIMSLEY v. NELSON

[342 N.C. 542 (1996)]

and complaint. Nothing in this statute excludes the possibility that plaintiffs' insurance carrier could be held liable in a suit against the uninsured motorist and the UM carrier, notwithstanding dismissal of the uninsured motorist for insufficiency of service of process.

I would hold that when, as here, plaintiffs' UM carrier makes a general appearance in an action by filing an answer in the name of defendant without raising the defense of insufficiency of service of process on the tort-feasor, the case may proceed to judgment against the UM carrier based on an adjudication by the jury of the tort-feasor's liability, notwithstanding the dismissal of the tort-feasor for insufficiency of service of process. This interpretation is consistent with the Motor Vehicle Safety and Financial Responsibility Act to provide recourse for innocent victims for damages from the negligent operation of automobiles by irresponsible persons. *See Nationwide Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 279 N.C. 240, 182 S.E.2d 571 (1971).

Justice WEBB dissenting.

I dissent. I agree with the majority that the dismissal of the action against Leroy Jerome Nelson should be affirmed. I do not agree that the case against Travelers Indemnity Company (Travelers) should be dismissed.

The majority holds that because the plaintiffs cannot get a judgment against the defendant Nelson, there can be no liability for Travelers. I can find nothing in the statute or our decisions that supports this holding.

In *Brown v. Lumbermens Mut. Cas. Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974), the statute of limitations had run on the plaintiff at the time the action was filed. This Court held the uninsured motorist carrier could plead the statute of limitations as an affirmative defense. In this case, Travelers did not plead the statute of limitations, and its motion to amend its answer to do so was denied. The question of waiver or estoppel was not involved in *Brown. Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E.2d 21 (1989), relied on by the majority, does not involve a waiver or estoppel.

In this case, the summons and complaint were served on 22 May 1992. Travelers was granted "an unlimited extension of time for filing a response" in order to negotiate a settlement. On 3 September 1992, plaintiffs' counsel notified Travelers' counsel that satisfactory

progress was not being made and requested that Travelers file an answer. On 12 October 1992, Travelers filed an answer which did not assert a jurisdictional defense. This defense was first raised on 9 November 1992. If the plaintiffs had been notified within ninety days of the issuance of the summons that it had not been properly served, they could have continued the action in existence by either obtaining an endorsement of the original summons or having an alias and pluries summons issued. N.C.G.S. § 1A-1, Rule 4(d) (1990).

The plaintiffs, with good reason, thought the summons and complaint were validly served. I believe that by waiting until after the time had expired when the defect in service could be corrected to raise the question of the validity of the service, Travelers waived this defense and is estopped to deny the validity of the service. *Duke Univ. v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987).

I vote to affirm the decision of the Court of Appeals.