CHARLES VANSON ALLEN, Employee v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Employer

No. COA94-1023

(Filed 7 November 1995)

**Torts § 12 (NCI4th)— general release—claim against DOT barred**

Plaintiff's execution of a general release discharging his claims arising from an automobile accident against a named individual and "all other persons" barred plaintiff's claim of negligence against the North Carolina Department of Transportation.

**Am Jur 2d, Release §§ 28 et seq.**

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission entered 7 July 1994. Heard in the Court of Appeals 26 May 1995.

*Devore and Acton, P.A., by William D. Acton, Jr., for plaintiff appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller and Special Deputy Attorney General E. H. Bunting, Jr., for defendant appellee.*

COZORT, Judge.

The question presented by this appeal is whether plaintiff's execution of a general release discharging his claims against a named individual and "all other persons" bars plaintiff's claim of negligence against the North Carolina Department of Transportation. We hold the phrase "all other persons" includes the Department of Transportation, and we affirm the Industrial Commission's opinion and award dismissing plaintiff's claim.

On 11 June 1992, plaintiff was travelling west on North Carolina Highway 27 in Mecklenburg County. John Massengill was travelling east on Highway 27 at the same time. As the two vehicles approached, Mr. Massengill's right tire dropped onto the shoulder, seven to nine inches below the roadway. Mr. Massengill lost control of his vehicle attempting to drive back on the roadway. He crossed the center line and collided head-on with plaintiff's vehicle. Plaintiff suffered serious injuries and incurred significant medical expenses. Plaintiff settled

with Mr. Massengill for Massengill's policy limits of $25,000.00 and on 29 September 1992 executed a "Release of All-Claims." This release provided that the plaintiff

> does hereby . . . release, acquit and forever discharge John A. Massengill and . . . all other persons, firms, corporations, associations or partnerships of and from any and all claims of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 11th day of June, 1992, at or near N.C. Hwy 27 West in Charlotte, Mecklenburg County, North Carolina.

On 3 November 1992, plaintiff initiated this action, pursuant to the North Carolina Tort Claims Act, in the North Carolina Industrial Commission against the North Carolina Department of Transportation (DOT). Plaintiff alleged that Mecklenburg County DOT Maintenance Engineer Sidney Sandy was negligent in failing to maintain the shoulder of Highway 27 and in failing to correct or repair the dangerous condition that existed on the highway shoulder. On 9 December 1992, defendant filed an answer pleading the release as a bar to plaintiff's claim. Deputy Commissioner Morgan S. Chapman heard this matter on 11 August 1993, and filed a decision and order on 10 January 1994 ruling that the release barred plaintiff's claim. Plaintiff appealed to the Industrial Commission, which heard oral arguments on 28 June 1994, and filed a decision on 7 July 1994 affirming Deputy Commissioner Chapman. The Commission held:

> The release signed by plaintiff discharged all claims of action arising from the accident on June 11, 1992 against John Massengill and all other persons, firms, corporations, associations, or partnerships. There was no exclusion for a claim against Mr. Sandy of the state. Mr. Sandy was certainly a "person" within the meaning of the document. Plaintiff has claimed that the Department of Transportation was not a "person" under the terms of the release. However, any liability of the Department of Transportation must arise [from] the negligence of a person employed by it, and the Tort Claims Act allows agencies of the state to be sued only under circumstances where "a private per-

son would be liable." Consequently, it appears that the state would be a person within the meaning of the release. Furthermore, the released [*sic*] purported to be a release of all claims, which would include any claim against defendant.

Plaintiff appeals the decision of the Industrial Commission. Plaintiff contends the Commission erred by holding that the North Carolina Department of Transportation is a "person" within the language of the release. We disagree.

In *Spivey v. Lowery*, 116 N.C. App. 124, 446 S.E.2d 835 (1994), we discussed the scope of a general release with operative language virtually identical to the language of the release at issue here. In *Spivey*, plaintiff Spivey executed a release discharging all claims against the alleged tortfeasor Lowery, Lowery's insurance carrier Integon, and

all other persons, firms, corporations, associations or partnerships of and from any and all claims of action, demands, rights, [and] damages . . . whatsoever, which the undersigned now has . . . or which may hereafter accrue . . . [as a result of] the accident . . . which occurred on or about the 17th day of October, 1989, at or near Laurinburg, N.C.

*Id.* at 125, 446 S.E.2d at 836.

After executing the release, plaintiff Spivey filed suit against Lowery and The Hartford Accident and Indemnity Company, plaintiff's insurance carrier, seeking to recover under Hartford's underinsurance motorist coverage. The trial court granted summary judgment for Hartford. On appeal, we affirmed, stating:

[B]ecause plaintiff signed a general release, plaintiff may not assert any claims arising out of the accident. Furthermore, notwithstanding the fact that plaintiff signed a general release, since plaintiff released the tortfeasor, Lowery, plaintiff may not assert a claim against Hartford because of the derivative nature of Hartford's liability.

*Id.* at 126, 446 S.E.2d at 837.

We find our reasoning in *Spivey* persuasive here. Plaintiff Allen's release was general, discharging all other persons and all claims, and providing for no exclusions from the release. The State's liability under the Tort Claims Act is derivative of the negligence of an officer, employee, involuntary servant or agent of the State, N.C. Gen. Stat. § 143-291(a) (1993), and any such employee, such as DOT

Maintenance Engineer Sandy, would be a "person" as contemplated by the release executed by plaintiff. We find no reason to treat the State any differently than its employee would be treated under the release. We hold the Commission properly dismissed plaintiff's claim for the reason that plaintiff's execution of the general release released the State from any claim by plaintiff.

Affirmed.

Judges JOHN and WALKER concur.