SHAWNA McADAM SWORD, Plaintiff v. STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Defendant

No. COA95-9

(Filed 19 December 1995)

**Torts § 12 (NCI4th)— general release—applicability to State**

A general release which contains the language "all other firms, persons, corporations, associations, or partnerships"

releases the State of North Carolina even though the State is not specifically named in the release.

**Am Jur 2d, Release §§ 28-30.**

Appeal by plaintiff from Decision and Order of the North Carolina Industrial Commission filed 26 September 1994. Heard in the Court of Appeals 4 October 1995.

*Donald J. Dunn, P.A., by Donald J. Dunn, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Don Wright, for the State.*

JOHNSON, Judge.

Plaintiff Shawna McAdam Sword was seriously injured in an automobile accident that occurred on 19 May 1991. Plaintiff was a passenger in a motor vehicle driven by her brother, Robert Barry McAdam. The accident occurred when the McAdam vehicle slid out of control and into the path of a vehicle in the oncoming lane of traffic. At the time, Robert McAdam was operating his vehicle at approximately 55 miles per hour.

On 2 December 1991, plaintiff settled her claim against her brother and executed a release, releasing Robert McAdam and "all other persons, firms, corporations, associations or partnerships" from all claims arising out of the accident of 19 May 1991.

Plaintiff filed this action seeking to recover damages from the State of North Carolina Department of Transportation (DOT) for negligent design, maintenance and failure to warn of the improper grade of N.C. Highway 55 in the area where the accident occurred. DOT responded through counsel denying the allegations and affirmatively pleading a release signed by plaintiff.

On 2 November 1993, plaintiff filed her Response to defendant's Motion to Dismiss. On 11 January 1994, an Opinion and Award was filed by Deputy Commissioner Gregory M. Willis in favor of defendant. Plaintiff appealed to the Full Commission which also ruled in favor of defendant. From this decision, plaintiff appeals.

The issue presented by the instant action is whether a general release which contains the language "all other firms, persons, corporations, associations or partnerships" releases the State of North

SWORD v. STATE OF N.C. DEPT. OF TRANSPORTATION

[121 N.C. App. 213 (1995)]

Carolina even though, the State is not specifically named in the release. A recent decision by this Court, *Allen v. N.C. Dept. of Transportation*, 120 N.C. App. 627, 463 S.E.2d 275 (1995), is dispositive in this case.

Plaintiff argues that the release was not intended to release any claims against the State, and that the State is not a "person" within the terms of the release. Our Court in *Allen* stated, "The State's liability under the Tort Claims Act is derivative of the negligence of an officer, employee, involuntary servant or agent of the State, N.C. Gen. Stat. § 143-291(a) (1993), and any such employee, such as DOT . . . would be a 'person' as contemplated by the release executed by plaintiff." Accordingly, the North Carolina Department of Transportation is a "person" within the language of the release.

Thus, the Commission did not err in holding that the North Carolina Department of Transportation was released in the general release from any claim by plaintiff. Therefore, the Decision and Order is affirmed.

Affirmed.

Judges EAGLES and WYNN concur.