TAMMY A. WILMOTH AND JEFFREY WILMOTH, PLAINTIFFS v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, INC., DEFENDANT

No. COA96-734

(Filed 19 August 1997)

**Insurance § 535 (NCI4th)— underinsured motorists coverage—settlement with tortfeasor prior to litigation—12(b)(6) dismissal—error**

The trial court erred in dismissing plaintiff's claim under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action to recover underinsured motorist (UIM) benefits by an insured who settled with the tortfeasor prior to initiating litigation while reserving the right to seek UIM coverage from the insured's carrier. Although defendant contends that under *Grimsley v. Nelson*, 342 N.C. 542, no direct action may be brought against the UIM carrier prior to entry of a judgment against a tortfeasor and that this claim was settled without entry of judgment, *Grimsley* directed that a UIM carrier be bound by a final judgment but does not state that judgment is the exclusive means which triggers the obligation of the UIM insurer to provide coverage. To the extent that the terms of defendant's policy might be construed to bar direct action against it to enforce the terms of a settlement agreement reached in compliance with N.C.G.S. § 20-279.21(b)(4) prior to bringing legal action, such terms are contrary to the legislative intent embodied in that statute and the Financial Responsibility Act must prevail.

Appeal by plaintiff from orders entered 14 March 1996 and 19 April 1996 by Judge Ronald L. Stephens in Durham County Superior Court. Heard in the Court of Appeals 18 March 1997.

*Thompson & Smyth, L.L.P. by Theodore B. Smyth and Law Office of Charles Darsie, by Charles Darsie, for plaintiffs-appellants.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by John R. Kincaid, Robert E. Levin and George W. Miller, Jr., for defendant-appellee.*

JOHN, Judge.

Plaintiffs appeal the trial court's dismissal pursuant to N.C.R. Civ. P. 12(b)(6) of their claim against defendant State Farm Mutual

Automobile Insurance Company, Inc., for underinsured motorist (UIM) benefits. We reverse the trial court.

Pertinent allegations by plaintiffs and procedural background are as follows: On 9 June 1992, plaintiff Tammy A. Wilmoth (Wilmoth) suffered severe and permanent injuries in a collision between a 1987 Nissan Maxima vehicle owned and operated by Wilmoth and a vehicle owned and driven by James Edward Hunter (Hunter). Hunter was a named insured on a policy issued by Aetna Life and Casualty Insurance Co. (Aetna) affording automobile liability coverage of $25,000.00 per person. Wilmoth was a named insured under an automobile liability policy issued by defendant which provided UIM coverage of $50,000.00 per person. At the time of the collision, Wilmoth was married to plaintiff Jeffrey Wilmoth (Jeffrey). She also was a relative and resident of the household of Louis B. Wilmoth, Jr., whose automobile insurance policy with defendant also included UIM coverage.

Aetna tendered $25,000.00, representing exhaustion of its coverage, in settlement of Wilmoth's claims against Hunter. On 23 August 1994 and 14 September 1994, plaintiffs notified defendant by certified mail of its opportunity to advance the $25,000.00 tendered by Aetna in order to preserve its rights under N.C.G.S. § 20-279.21(b)(4) (1993). Defendant failed to advance the $25,000.00, and plaintiffs accepted Aetna's settlement 3 October 1994, specifically "reserv[ing] all rights against State Farm Mutual Automobile Insurance Company under any applicable underinsured coverages."

On 26 April 1995, plaintiffs filed the instant action seeking to recover proceeds under the UIM policies issued by defendant. Defendant's 5 July 1995 motion to dismiss pursuant to N.C.R. Civ. P. 12 (b)(6) was allowed by order of the trial court entered 14 March 1996. Plaintiffs' 25 March 1996 motion to reconsider pursuant to N.C.R. Civ. P. 59 and 60 was denied 19 April 1996. Plaintiffs appeal both the 14 March and the 19 April 1996 orders.

A pleading may be dismissed under Rule 12(b)(6) if it fails to allege a sufficient legal or factual basis for the claim, or reveals a fact which necessarily defeats the claim. *State of Tennessee v. Environmental Management Comm.*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986). However, a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it discloses on its face an insurmountable bar to recovery, or it appears beyond doubt that the plaintiff can prove no set of facts supporting

the claim that would entitle it to relief. *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 475, 250 S.E.2d 693, 694, *disc. review denied*, 297 N.C. 176, 254 S.E.2d 39 (1979).

UIM coverage is governed by the Financial Responsibility Act (the Act), *see* N.C.G.S. § 20-279.1 *et seq.* (1993), and the provisions of the Act are written into every automobile liability policy as a matter of law, *Ohio Casualty Ins. Co. v. Anderson*, 59 N.C. App. 621, 622, 298 S.E.2d 56, 57 (1982), *cert. denied*, 307 N.C. 698, 301 S.E.2d 101 (1983). Moreover,

> [t]he avowed purpose of the Financial Responsibility Act, of which N.C.G.S. § 20-279.21(b)(4) is a part, is to compensate the innocent victims of financially irresponsible motorists.

*Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989) (citation omitted). The Act is to be liberally construed so that its intended purpose may be accomplished. *Id.* If there is a conflict between the Act and the language of the policy, the Act prevails. *Id.* at 263, 382 S.E.2d at 762.

Defendant contends the complaint on its face reflects a bar to the instant action. Citing *Grimsley v. Nelson*, 342 N.C. 542, 467 S.E.2d 92, *reh'g denied*, 343 N.C. 128, 468 S.E.2d 774 (1996), defendant argues no direct action may be brought "against the underinsured motorist carrier prior to entry of a judgment against a tortfeasor." *See generally* Kristen P. Sosnosky, *Survey, Reconciling North Carolina's Interpretation of "Legally Entitled to Recover" with the Spirit of the Uninsured Motorist Statute: The Lessons of Grimsley v. Nelson*, 73 N.C. L. Rev. 2474 (1995). Because the complaint reveals plaintiffs' claim against Hunter was settled without entry of judgment, defendant continues, no suit may be brought against defendant in that its liability was derivative of that of Hunter. Therefore, concludes defendant, the trial court properly dismissed plaintiffs' complaint in that it set forth facts which operated to defeat plaintiffs' claim against defendant. *See Tennessee v. Environmental Management Comm.*, 78 N.C. App. at 765, 338 S.E.2d at 782. We are not persuaded by defendant's contentions.

In *Grimsley*, our Supreme Court held that

> the language of N.C.G.S. § 20-279.21(b)(3)a, which provides that all insurance policies in the State will be deemed to include a pro-

vision that "the insurer shall be bound by *a final judgment* taken by the insured against an uninsured motorist[.]"

342 N.C. at 548, 467 S.E.2d at 96. However, the case *sub judice* is distinguishable. In *Grimsley*, the issue before the Court was whether an action against unnamed defendant UIM carrier might continue after the plaintiff's claim against the tortfeasor had been dismissed for insufficient service of process. *Id.* at 543-44, 467 S.E.2d at 93-94. The Court concluded that dismissal of the plaintiff's cause of action against the tortfeasor barred the plaintiff's claim against the UIM insurer as unnamed defendant. *Id.* at 548, 467 S.E.2d at 96.

However, the question before us is whether an action against the UIM carrier is barred by *settlement* with the tortfeasor without suit and within the statutory period. While *Grimsley* directs that an UIM carrier "shall be bound by a final judgment taken by [its] insured against an uninsured motorist," *id.* (citation omitted), it does not state that judgment is the exclusive means which triggers the obligation of the UIM insurer to provide coverage.

By contrast, G.S. § 20-279.21(b)(4) declares that

[u]nderinsured motorist coverage is deemed to apply when, by reason of payment of judgment *or settlement,* all liability bonds or insurance policies providing coverage for bodily injury caused by the ownership, maintenance, or use of the underinsured highway vehicle have been exhausted.

G.S. § 20-279.21(b)(4) (emphasis added). In addition, the section provides that

[n]o insurer shall exercise any right of subrogation or any right to approve settlement with the original owner, operator, or maintainer of the underinsured highway vehicle under a policy providing coverage against an underinsured motorist where the insurer has been provided with written notice before a *settlement* between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured in an amount equal to the tentative settlement within 30 days following receipt of that notice.

G.S. § 20-279.21(b)(4) (emphasis added).

In *N.C. Farm Bureau, Mut. Ins. Co. v. Bost,* 126 N.C. App. 42, 483 S.E.2d 452 (1997), this Court held an insured's limited settlement with the tortfeasor and liability insurer agreeing not to enforce any subse-

quent judgment against the tortfeasor did not bar recovery of UIM benefits when the UIM carrier had been notified pursuant to the above section and took no action. *Id.* at 46-47, 483 S.E.2d at 455-56; *compare Spivey v. Lowrey*, 116 N.C. App. 124, 125, 446 S.E.2d 835, 836, *disc. review denied*, 338 N.C. 312, 452 S.E.2d 312 (1994) (general release of "all other persons, firms [and] corporations" bar to recovery against UIM carrier). In *Bost*, we noted the insurer failed to preserve its right to "approve" the settlement as provided by G.S. § 20-279.21(b)(4) and reasoned that

> [b]ecause [plaintiff] exhausted the limits of liability by settling with [the tortfeasor's liability carrier], [plaintiff's UIM carrier], therefore, has no right to object to the settlement of the primary claim and cannot complain when the insured takes steps necessary to seek UIM coverage.

*Bost*, 126 N.C. App. at 48, 483 S.E.2d at 457; *see also Gurganious v. Integon General Ins. Corp.*, 108 N.C. App. 163, 423 S.E.2d 317 (1992), *disc. review denied*, 333 N.C. 538, 429 S.E.2d 558 (1993) (voluntary dismissal with prejudice of tortfeasor did not preclude recovery from plaintiff's UIM carrier when latter failed to preserve its rights in manner prescribed by G.S. § 20-279.21(b)(4)).

Similarly, defendant herein was notified pursuant to the section of plaintiffs' settlement with Hunter and Aetna and failed to preserve its right of subrogation. Plaintiffs subsequently accepted the tendered settlement while reserving their right to pursue UIM coverage from defendant. Defendant cannot now "complain" of plaintiffs' efforts to seek UIM coverage. *Bost*, 126 N.C. App. at 48, 483 S.E.2d at 457.

Our holding is consistent with the policy to construe the Act liberally in order to compensate innocent victims injured by financially irresponsible motorists. *See Sutton*, 325 N.C. at 265, 382 S.E.2d at 763. Were an UIM carrier permitted to waive its subrogation rights against a tortfeasor while its insured remained barred, by virtue of settlement with the tortfeasor without legal action, from proceeding in a direct action against the carrier on grounds the insured "was not legally entitled to recover," the UIM carrier would be in a position to thwart its insured's legitimate efforts to seek coverage contractually agreed upon.

We also observe this Court has previously ruled an UIM insurer is not released from coverage when its insured and the tortfeasor reach

settlement following filing of suit, but prior to entry of judgment. *Gurganious*, 108 N.C. App. at 165, 423 S.E.2d at 318 (insured's claim against UIM carrier not barred by settlement between insured and tortfeasor under which insured's complaint against latter was dismissed with prejudice). To conclude that a different result should ensue upon settlement reached prior to litigation would be to distinguish between types of settlement agreements without any such distinction appearing in G.S. § 20-279.21(b)(4). In addition, such distinction would encourage the filing of litigation even when the parties have agreed to a settlement. Our General Assembly, cognizant of the crushing burden of heavy caseloads placed upon our courts and the resultant operating costs, could not have intended such an absurd result, *see Insurance Co. v. Chantos*, 293 N.C. 431, 440, 238 S.E.2d 597, 603 (1977) ("[c]ourt[s] will, whenever possible, interpret a statute so as to avoid absurd consequences"), and we decline to impose it. *See Sutton*, 325 N.C. at 265, 382 S.E.2d at 763.

Finally, we note defendant repeatedly maintains that its policy requirement that plaintiffs be "legally entitled to recover" precludes any claim for UIM coverage because, notwithstanding the settlement agreement, plaintiffs "are not legally entitled to recover from anyone as no suit has ever been instituted nor any judgment entered." To the extent the terms of defendant's policy might be construed to bar direct action against it to enforce the terms of a settlement agreement reached in compliance with G.S. § 20-279.21(b)(4) prior to bringing legal action, such terms are contrary to the legislative intent embodied in G.S. § 20-279.21(b)(4) and the Act must prevail. *See Sutton*, 325 N.C. at 263, 382 S.E.2d at 762. We therefore hold the clause in defendant's policy allowing the insured to bring action against defendant to enforce a claim the insured is "legally entitled to recover" applies to a claim for underinsured motorist coverage when the insured has complied with the notice requirements of G.S. § 20-279.21(b)(4) and, "by reason . . . of judgment or settlement," G.S. § 20-279.21(b)(4), including agreement reached before action is filed, all liability coverage has been exhausted.

In sum, an insured who has settled with a tortfeasor prior to initiating litigation, while reserving the right to seek UIM coverage from the insured's carrier, may initiate an action for such coverage directly against the carrier when the latter has received notice of the settlement in compliance with G.S. § 20-279.21(b)(4) and has waived its rights to approve the settlement. The trial court therefore erred in granting defendant's motion to dismiss.

RYMER v. ESTATE OF SORRELLS

[127 N.C. App. 266 (1997)]

As we have ruled in favor of plaintiff regarding the trial court's dismissal order of 14 March 1996, we do not discuss the court's 19 April 1996 order on plaintiff's purported motion to reconsider.

Reversed.

Judges EAGLES and COZORT concur.

Judge COZORT concurred prior to 31 July 1997.