LAURA JEAN CHURCH AND ROB WADE CHURCH, PLAINTIFFS v. ALLSTATE INSURANCE COMPANY, DEFENDANT

No. COA00-563

(Filed 15 May 2001)

1. Insurance— underinsured motorist–settlement with driver—right of insurance company to appear unnamed

An underinsured motorist carrier had a right under N.C.G.S. § 20-279.21(b)(4) to appear as an unnamed defendant in the liability phase of an injured passenger's action against the driver even though the passenger had settled with the driver.

**2. Appeal and Error— appealability—right of insurance company to appear unnamed**

An appeal was interlocutory but involved a substantial right where it concerned an underinsured motorist insurance company's motion to appear unnamed in the liability phase of a trial.

**3. Insurance— underinsured motorist action—bifurcated trial**

In cases where a UIM carrier defends the liability issues as an unnamed defendant, the trial of the coverage issues should be bifurcated.

**4. Parties— action against underinsured motorist carrier— settlement with alleged tortfeasor—necessary party**

In an action in which plaintiffs sought recovery from their underinsured motorist carrier, the trial court should have added as a necessary party the person driving the car in which the accident occurred where plaintiffs had settled all claims against her. Plaintiffs must prove that the driver was negligent and that her negligence was the proximate cause of their injuries under the policies in question.

Appeal by defendant from order entered 9 March 2000 by Judge Michael E. Helms in Wilkes County Superior Court. Heard in the Court of Appeals 26 March 2001.

*Vannoy, Colvard, Triplett & Vannoy, P.L.L.C., by Jay Vannoy, for the plaintiff-appellees.*

*Willardson & Lipscomb, L.L.P., by William F. Lipscomb, for the defendant-appellant.*

EAGLES, Chief Judge.

Defendant appeals the denial of its motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(7) and its motion for separate trials pursuant to N.C.R. Civ. P. 42(b). The evidence presented at the hearing tended to show the following. Laura Jean Church (hereinafter "plaintiff") sustained injuries on 25 October 1996 when she was a passenger in the car driven by Argie Coffey. Coffey's insurance company, Integon, tendered its limits. Plaintiffs Laura Jean Church and Rob Wade Church were residents of Wade Church's household and as such are covered by a business auto policy issued by Allstate

Insurance Company (hereinafter "defendant"). On 13 February 1998 plaintiffs settled all claims against Argie Coffey and her spouse. The plaintiffs reserved their rights to prosecute a claim against defendant based on their underinsured motorist coverage. This agreement was executed with the approval of defendant.

Thereafter, plaintiffs filed a complaint seeking to recover under-insured motorists coverage benefits from defendant. Defendant appears as the named defendant. On 5 May 1999 defendant filed a motion to dismiss based on N.C.R. Civ. P. 12(b)(7) for failure to join a necessary party. On 7 January 2000 defendant filed a motion for sep-arate trials. Defendant's motions were heard and denied by the trial court 9 March 2000.

[1] Defendant asserts that G.S. 20-279.21(b)(4) guarantees that an underinsured motorist (UIM) carrier has the right, at its election, to appear in the liability phase of a trial as an unnamed defendant. Because we believe that a UIM carrier-defendant, at its election, must be permitted to appear as an unnamed defendant in the liability phase of a trial and we believe that this is a substantial right, we reverse the trial court.

G.S. 20-279.21 (b)(4) states in part:

Upon receipt of notice, the underinsured motorist insurer **shall have the right to appear in defense of the claim without being named as a party therein**, and without being named as a party may participate in the suit as fully as if it were a party. The underinsured motorist insurer may elect, but may not be com-pelled, to appear in the action in its own name and present therein a claim against other parties; provided that application is made to and approved by a presiding superior court judge, in any such suit, any insurer providing primary liability insurance on the underinsured highway vehicle may upon payment of all of its applicable limits of liability be released from further liability or obligation to participate in the defense of such proceeding.

*Id.* (emphasis added). This Court in *Sellers v. N.C. Farm Bureau Mut. Ins. Co.*, 108 N.C. App. 697, 424 S.E.2d 669 (1993), held that "even if the tortfeasor is released from the action, the case can con-tinue, if requested, in the tortfeasor's name only." *Id.* at 699, 424 S.E.2d at 670. In *Sellers*, the plaintiff filed a complaint and an amended complaint against the driver of the vehicle and the UIM car-rier. *Id.* at 698, 424 S.E.2d at 669. The driver was the named defend-

ant and the UIM carrier was the unnamed defendant. *Id.* Plaintiff admitted in discovery that she had settled and released the driver. *Id.* at 698, 424 S.E.2d at 670. The trial court granted the driver's motion for summary judgment and "signed an order which substituted the unnamed defendant, Farm Bureau, for the named defendant in the action." *Id.* This Court held that "[a] jury would more likely concentrate on the facts and the law as instructed, rather than the parties, . . ." if the named defendant in the liability phase was an individual and not an insurance company. *Id.* at 699, 424 S.E.2d at 670. This Court further held "that a release or settlement of an action against the tortfeasor does not vitiate the express statutory terms of N.C.G.S. § 20-279.21(b)(4) such that the action can continue with the insurance carrier remaining as an unnamed defendant." *Id.* at 699-700, 424 S.E.2d. at 670.

In *Braddy v. Nationwide Mutual Liability Ins. Co.*, 122 N.C. App. 402, 470 S.E.2d 820 (1996), this Court, relying on *Sellers*, held that when the plaintiff voluntarily dismissed the tortfeasor the UIM carrier's right to remain as an unnamed defendant for the liability phase of the trial is not affected. That the named defendant is no longer a party to the action does not vitiate the UIM carrier's statutory right to appear unnamed. *Id.* at 407, 470 S.E.2d at 823. *Braddy* relied on the *Sellers* holding that:

> [Section 20-279.21(b)(4)] is, to us, clear and unambiguous. The [UIM] insurer . . . "*shall* have the right to appear in defense of the claim *without being named as a party therein, and . . . may participate* in the suit as fully as if it were a party." This language and the cases which demonstrate its application convince us that even if the tortfeasor is released from the action, the case can continue, if requested [by the UIM insurer pursuant to section 20-279.21(b)(4)], in the tortfeasor's name only.

*Braddy*, 122 N.C. App. at 407-08, 470 S.E.2d at 823; *Sellers*, 108 N.C. App. at 699, 424 S.E.2d at 670 (citation omitted).

Here plaintiffs argue that *Wilmoth v. State Farm Mut. Auto Ins. Co.*, 127 N.C. App. 260, 488 S.E.2d 628 (1997) requires that in situations where a UIM carrier remains as the only defendant, it must appear as the named defendant. We disagree. In *Wilmoth*, this Court held that although the plaintiff's right to recover from a UIM carrier is derivative of the claim against the tortfeasor, the fact that the tortfeasor settled does not quash the claim against the

UIM carrier. *Id. Wilmoth* only addresses whether or not a cause of action exists. *Wilmoth* does not address under what name the suit must be prosecuted.

The plaintiffs argue that to substitute the tortfeasor's name for the UIM carrier's name would produce absurd results, because the direct action would lie against the UIM carrier but allow the real defendant to be unnamed at trial. This is precisely what the General Assembly has mandated by enacting G.S. 20-279.21(b)(4). The General Assembly states that UIM carriers cannot be compelled to be named defendants in the liability phase of a trial. Previously, this Court has reasoned that the legislature has done so because "[a] jury would more likely concentrate on the facts and the law as instructed, rather than the parties, . . ." if one party was not an insurance company. *Sellers*, 108 N.C. at 699, 424 S.E.2d at 670.

Plaintiffs also argue that an impermissible conflict of interest would arise if the UIM carrier's attorney were to represent to the jury that he represented the interests of the tortfeasor. Here, where the tortfeasor has been released from liability, no conflict arises. The nature of UIM claims is such that in the liability phase of a trial, the UIM's defenses are the same as the tortfeasor's defenses would be if the tortfeasor was a party to the action. The parties would be codefendants. The comments to the Revised Rules of Professional Conduct 1.7 state in part:

> Simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants, is governed by paragraph (b). An impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party, or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question. Such conflicts can arise in criminal cases as well as civil.

N.C.R. Prof. Cond. 1.7 cmt (1998). We believe that here, the codefendants do not have incompatible positions. Argie Coffey, the tortfeasor, has no position except to be the named defendant. Coffey's liability exposure has been extinguished by the Settlement Agreement and Covenant Not to Enforce Judgment. This agreement was approved by the UIM carrier.

[2] We note that this appeal is interlocutory. Generally, no immediate appeal lies from an interlocutory order. *Auction Co. v. Myers*, 40 N.C.

App. 570, 253 S.E.2d 362 (1979). However, when the order appealed from affects a substantial right, a party has a right to an immediate appeal. G.S. 1-277(a); G.S. 7A-27(d)(1). It is well-established that an interlocutory order is appealable under the "substantial right" exception where (1) the right itself is substantial, and (2) the order deprives the appellant of a substantial right which will be lost if the order is not reviewed before final judgment. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5-6, 362 S.E.2d, 812, 815 (1987). The test is more easily stated than applied: "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

In *Sellers* this Court did not address whether the appeal was interlocutory or whether the right asserted was substantial. This Court addressed the merits—holding that the UIM carrier had the statutory right to appear unnamed. The procedural history in *Sellers* is very similar to this case. The appeal arose out of an interlocutory order substituting the UIM carrier for the tortfeasor as the named defendant. *Sellers*, 108 N.C. App. at 698, 424 S.E.2d at 669. Here defendant appeals from an order denying defendant's motion to appear unnamed in the liability phase of the trial.

In *Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, 518 S.E.2d 786 (1999), this Court dismissed a similar appeal on the grounds that it was interlocutory and that the right for a UIM carrier to appear unnamed was not substantial. The *Anderson* court made no reference to the *Sellers* court. In *Anderson*, the UIM carrier appealed an order denying the carrier's motion for summary judgment asserting that the action " '[was] improperly brought against [defendant] as named defendant in violation of [N.C.G.S. § 20-279.21(b)(4) (1993)],' and that plaintiff's claim was barred as a matter of law by virtue of plaintiff's execution of a general release without preserving his right to pursue a UIM claim against defendant." *Anderson*, 134 N.C. App. at 725, 518 S.E.2d at 787. The *Anderson* court held as follows:

> In the case *sub judice*, the issues presented on appeal concern whether plaintiff's action is barred by a general release and whether G.S. § 20-279.21(b)(4) prevents plaintiff from compelling defendant to participate as a named defendant herein. Indeed, the only possible "injury" defendant will suffer if not permitted immediate appellate review is the necessity of proceeding to trial

before the matter is reviewed by this Court. Avoidance of trial is not a substantial right entitling a party to immediate appellate review.

*Id.* at 727, 518 S.E.2d at 789 (citation omitted). However, the *Anderson* court made no inquiry into the substance of the question by considering the particular facts of that case to determine whether the right asserted was substantial and thus immediately appealable. *Waters*, 294 N.C. at 208, 240 S.E.2d at 343.

It has long been the law in this state that "the avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal." *Banner v. Hatcher*, 124 N.C. App. 439, 442, 477 S.E.2d 249, 251 (1996) (citation omitted). However, the General Assembly has specifically legislated that a UIM carrier may appear in the liability phase of a trial as the unnamed defendant. G.S. 20-271.21(b)(4). Our Supreme Court defines a substantial right as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right." *Oestreicher v. Stores*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976). After reviewing the substance of the question by considering the particular facts and resolving the question, we hold that on this record the right of a UIM carrier to defend unnamed is substantial.

[3] Defendant also assigns as error the trial court's refusal to bifurcate the trial. Defendant argues that since the UIM carrier has the right to appear unnamed as to the tort issues, all coverage issues must be handled in a separate phase of the trial. The issue of whether this defendant provides coverage for these plaintiffs is separate from whether Argie Coffey is liable for the accident. In cases where the UIM carrier defends the liability issues as an unnamed defendant, we hold that trial of the coverage issues should be bifurcated.

[4] Defendant next assigns as error the trial court's refusal to add Argie Coffey as a necessary party. The insurance policies in question provide UIM coverage for damages which an insured is entitled to recover from the owner or operator of an underinsured vehicle. Thus, plaintiffs must prove that Argie Coffey was negligent and that her negligence was the proximate cause of plaintiff's injuries. Here, plaintiffs fully released Larry and Argie Coffey from any personal liability whatsoever as a result of the incident and covenanted to hold the

Coffeys harmless. The plaintiffs also covenanted to enforce any judgment against the Coffeys against Allstate only. The Coffeys, if added, incur no additional risk. Accordingly, we hold that on this record Argie Coffey is a necessary party. N.C.R. Civ. P. 12(b)(7).

Accordingly the order of the trial court is

Reversed and remanded.

Judges McCULLOUGH and BRYANT concur.