ANITRA L. FARRIOR, VANTOICE F. FARRIOR, YVETTE A. FARRIOR, ANAIAH HILL, A MINOR APPEARING THROUGH HER GUARDIAN AD LITEM, RALPH WILEY, AND ANITRA L. FARRIOR, ADMINISTRATRIX OF THE ESTATE OF KIARIA INESHA HILL, PLAINTIFFS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT

No. COA03-730

(Filed 18 May 2004)

**Insurance— automobile—UIM rejection—one of two named insureds**

Summary judgment for defendant insurance company was affirmed in an action to determine UIM coverage where one of the two named insureds had expressly rejected UIM coverage. N.C.G.S. § 20-279.21(b)(4) states that coverage is not applicable where any named insured rejects coverage; moreover, policy language in this case clearly states that any rejection is valid and binding on all.

FARRIOR v. STATE FARM MUT. AUTO. INS. CO.

[164 N.C. App. 384 (2004)]

Appeal by plaintiffs from order filed 23 April 2003 by Judge G.K. Butterfield, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 3 March 2004.

*Edwards & Ricci, P.A., by Kenneth R. Massey, for plaintiff-appellants.*

*J. Darby Wood, P.A., by J. Darby Wood; and Sarah L. Heekin, for defendant-appellee.*

BRYANT, Judge.

Plaintiffs appeal the denial of their motion for summary judgment and the award of summary judgment for the defendant filed 23 April 2003 regarding the issue of whether defendant was obligated to provide underinsured motorist (UIM) coverage to plaintiffs.

On 1 June 2000, plaintiffs Anitra Farrior, Vantoice Farrior, and Yvette Farrior were involved in an automobile accident with Keith Wayne Chadwick (Chadwick). Chadwick was allegedly operating his vehicle while under the influence of alcohol when he collided with plaintiffs' vehicle.

At the time of the accident, Anitra Farrior was approximately 23 weeks pregnant with twins. The impact of the collision caused her to go into labor. Although medical providers were able to temporarily stop labor, she prematurely gave birth to the twins on 27 June 2000. One of the twins subsequently died on 24 November 2000 as a result of complications stemming from her premature birth.

At the time of the accident, Chadwick had automobile insurance coverage for bodily injury in the amount of $25,000 per person and $50,000 per accident. Plaintiffs' vehicle was insured by defendant, State Farm Mutual Insurance Company, with bodily injury coverage of $100,000 per person and $300,000 per accident.

Plaintiffs submitted a claim to defendant for UIM coverage; however, defendant denied the claim based on execution of a selection/rejection form signed on 16 September 1996 by named insured, plaintiff Regina Farrior. Named insured Thomas Farrior never signed the form.

On 15 March 2002, plaintiffs filed a complaint for declaratory judgment. Both plaintiffs and defendant filed motions for summary judgment on 27 February 2003 and 7 March 2003 respectively, seeking

declaration as to whether UIM coverage existed based on execution of the selection/rejection form by Regina Farrior.

These matters were heard on 31 March 2003 in Wayne County Superior Court with the Honorable G.K. Butterfield presiding. By order filed 23 April 2003, the trial court denied plaintiffs' motion but granted defendant's motion for summary judgment. Plaintiffs filed notice of appeal on 2 May 2003.

---

On appeal, the issue is whether the trial court erred in its interpretation of N.C. Gen. Stat. § 20-279.21(b)(4) and subsequent grant of defendant's motion for summary judgment based on the conclusion that UIM coverage did not exist as evidenced by execution of a selection/rejection form signed by only one named insured.

A grant of summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). The moving party bears the burden of establishing the lack of genuine issues of fact. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). If the moving party meets its burden of proof, the burden then shifts to the non-moving party to present particular facts showing genuine issues of material fact. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). On appeal from a grant of summary judgment, "we review the record in the light most favorable to the non-moving party." *Bradley v. Hidden Valley Transp., Inc.*, 148 N.C. App. 163, 165, 557 S.E.2d 610, 612 (2001), *aff'd*, 355 N.C. 485, 562 S.E.2d 422 (2002).

Under North Carolina law, an automobile insurance policy is required to provide UIM coverage unless the insured has rejected that coverage. N.C.G.S. § 20-279.21(b)(4) (2003). Absent proof of a valid rejection, a policy is deemed to include such coverage. *State Farm Mut. Auto. Ins. Co. v. Fortin*, 350 N.C. 264, 269, 513 S.E.2d 782, 784 (1999). An insurer bears the burden of establishing the validity of a rejection of UIM motorist coverage. *Hendrickson v. Lee*, 119 N.C. App. 444, 450, 459 S.E.2d 275, 279 (1995).

N.C. Gen. Stat. § 20-279.21(b)(4) provides, in pertinent part, that an automobile insurance policy

[s]hall . . . provide underinsured motorist [UIM] coverage, to be used only with a policy that is written at limits that exceed those

**FARRIOR v. STATE FARM MUT. AUTO. INS. CO.**

[164 N.C. App. 384 (2004)]

> prescribed by subdivision (2) of this section and that afford unin-
> sured motorist coverage as provided by subdivision (3) of this
> subsection . . . .
>
> . . . .
>
> The coverage required under this subdivision shall not be
> applicable where <u>any</u> insured named in the policy rejects the cov-
> erage. . . . The selection or rejection of underinsured motorist
> coverage by <u>a</u> named insured or the failure to select or reject is
> valid and binding on <u>all</u> insureds and vehicles under the policy.

N.C.G.S. § 20-279.21(b)(4) (emphasis added). *See also* N.C.G.S.
§ 20-279.21(b)(3) (2003) ("The coverage required under this subdivi-
sion [Uninsured or UM coverage] is *not applicable where* <u>any</u> insured
named in the policy rejects the coverage. . . . The selection or rejec-
tion of uninsured motorist coverage or the failure to select or reject
by <u>a</u> named insured is valid and binding on <u>all</u> insureds and vehicles
under the policy.") (emphasis added). Plaintiffs argue that based on
the language of N.C. Gen. Stat. § 20-279(b)(4), a rejection of UIM cov-
erage is proper and binding only when all named insureds reject the
form. Plaintiffs' argument, however, misconstrues the plain language
of the statute.

> As a rule of construction, it is fundamental that the intent of
> the legislature controls in determining the meaning of a statute.
> Legislative intent may be determined from the language of the
> statute, the purpose of the statute, " 'and the consequences which
> would follow [from] its construction one way or the other.' "
> Nonetheless, if a statute is facially clear and unambiguous, leav-
> ing no room for interpretation, the courts will enforce the statute
> as written.

*Haight v. Travelers/Aetna Property Casualty Corp.*, 132 N.C. App.
673, 675, 514 S.E.2d 102, 104 (1999) (citations omitted).

The plain language of the statute states "[t]he coverage required
under this subdivision shall not be applicable where <u>any</u> insured
named in the policy rejects the coverage." N.C.G.S. § 20-279.21(b)(4)
(emphasis added). Further, "[t]he selection or rejection of underin-
sured motorist coverage by <u>a</u> named insured or the failure to select
or reject is valid and binding on <u>all</u> insureds and vehicles under the
policy." *Id.* (emphasis added). 'A' is defined as "one" or "each."
*Webster's New World Dictionary and Thesaurus* 1 (2d ed. 2002).
'Any' is defined as "one, no matter which, of more than two." *Id.* at 26.

'All' is defined as "the whole quantity of," "everyone," or "entirely." *Id.* at 16.

In reviewing the plain language of the statute, it appears the legislature intended that any, no matter which, of the named insureds could properly execute a rejection form. Moreover, the rejection would be binding against everyone or the entirety of the policy insureds.

Plaintiffs rely on *Hlasnick v. Federated Mutual Ins. Co.*, 353 N.C. 240, 539 S.E.2d 274 (2000) in support of its argument. In *Hlasnick*, our Supreme Court held a two-tiered UIM coverage endorsement to be valid where the purchaser of a commercial fleet policy paid additional premiums to provide higher limits of UIM coverage to certain insured persons in excess of the statutory floor. Our Supreme Court further held that the Financial Responsibility Act does not mandate that equal UIM coverage be provided for all persons insured under a policy. We find *Hlasnick* distinguishable because *Hlasnick* did not deal with the issue of whether rejection of UM coverage by one named insured was binding on all named insureds.

Although plaintiffs attempt to distinguish *Weaver v. O'Neal*, 151 N.C. App. 556, 566 S.E.2d 146 (2002), we find it to be applicable to the issue in the instant case. In *Weaver*, Mrs. Weaver (the wife) was involved in a fatal auto accident with an uninsured party. The Weavers' insurer had issued an automobile insurance policy to Mr. Weaver in 1981 as the only named insured. In 1992, Mr. Weaver expressly rejected uninsured and underinsured motorist coverage when he renewed the policy. Later that year, Mr. Weaver added Mrs. Weaver to the policy as a named insured. Because Mrs. Weaver had not signed a selection/rejection form, the administrator for the estate argued that the selection or rejection of UM coverage by the husband was not binding on Mrs. Weaver.

Our Court found that pursuant to N.C. Gen. Stat. § 20-279.21(b)(1), the insurer was not required to offer the option of UM coverage in any amended policy unless the named insured party had made a written request to exercise a different option. Specifically, our Court held the addition of Mrs. Weaver to the husband's policy was an amendment to the policy which did not require the execution of a new selection/rejection form because it did not result in the issuance of a new policy. We find the holding in *Weaver* lends credence to the argument that any named insured may properly execute a rejection form that is binding on all insured under the policy.

We note that even if this Court had been persuaded by plaintiffs' argument regarding the mandate of N.C. Gen. Stat. § 20-279.21(b)(4), the language of plaintiffs' policy clearly states: "My selection or rejection of coverage below is valid and binding on all insured and vehicles under the policy, unless a named insured makes a written request to the company." "The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction." *N.C. Farm Bureau Mut. Ins. Co. v. Mizell,* 138 N.C. App. 530, 532, 530 S.E.2d 93, 95. When the language of an insurance policy is clear and unambiguous, "the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." *Cone Mills Corp. v. Allstate Ins. Co.,* 114 N.C. App. 684, 687, 443 S.E.2d 357, 359 (1994). Accordingly this assignment of error is overruled.

Affirmed.

Judges McCULLOUGH and ELMORE concur.